UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TODD BROCKMAN,<br><br>         v.<br><br>CITY OF MONTEREY, AARON DELGADO, BRYCE MORGAN, SABRINA PEREZ, and MAYHAR ROOHBAKHSH,<br><br>         Defendants. | Case No. 5:20-cv-03029-NC<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS; GRANTING LEAVE TO AMEND**<br><br>Re: Dkt. No. 9 |

In this civil rights case, plaintiff Todd Brockman brings a complaint against the City of Monterey and four of its police officers stemming from a search of Brockman's home. Dkt. No. 1. Defendants move to dismiss three of Brockman's four claims under Rule 12(b)(6). Dkt. No. 9. Brockman voluntarily dismisses one of them. Finding that Brockman has failed to allege sufficient facts to plausibly plead the two remaining claims, the motion to dismiss is hereby GRANTED. Brockman is granted LEAVE TO AMEND the complaint to allege additional facts.

**I.     Background**

**A. Facts Alleged in the Complaint**

The following facts are alleged in the complaint. For the purposes of deciding this motion, the Court assumes them to be true. *Cahill v. Liberty Mutual Ins. Co.*, 80 F.3d 336, 337 (2009).

In the middle of the night on May 3, 2019, the Monterey Police Department

received a call to its non-emergency line. Dkt. No. 1, Complaint, at ¶¶ 17, 21. The caller was from an out-of-county area code but said that he lived at 29 Portola Avenue. *Id.* ¶ 23. He told the emergency dispatcher that "there is some idiot over on Portola shooting a rifle in their backyard," and, when asked from which address the shots were fired, said, "I don't know, it's close to like 30 Portola, somewhere, I am pretty sure." *Id.* The caller described the shots as coming from "right next door." *Id.* The caller, stuttering and pausing, identified himself as "Stan." *Id.* ¶ 25. He said he would be waiting at home for the police to arrive. *Id.* ¶ 27.

Twenty-five minutes later, officers responded to the call but found no answer and no sign of activity at 29 Portola Avenue. *Id.* The officers then spoke with a resident of 22 Portola named John Brown, who reported having heard no gunshots that day. *Id.* ¶ 28. John Brown told the officers that Todd Brockman lived at 30 Portola Avenue. *Id.* The officers checked 29 Portola again, still got no answer, so proceeded to Todd Brockman's house at 30 Portola. *Id.* ¶ 29.

Brockman awoke around 1:00 a.m. to the sound of officers pounding on his door, ringing his doorbell, shining flashlights into his windows, and demanding to be let inside. *Id.* ¶ 17–18. He opened the door in his underwear. *Id.* ¶ 20. Officers told Brockman that there had been a 911 call about gunshots fired at his address. *Id.* They instructed Brockman to back up and get his dog, and Officer Morgan stepped into the house which prevented Brockman from closing the front door. *Id.* ¶ 31. During this entire encounter, the officers had their guns drawn. *Id.*

Officer Roohbakhsh asked Brockman if he owned a gun, and Brockman said that he did not. *Id.* ¶ 33. Officer Morgan asked Brockman for ID and Brockman provided his driver's license number. *Id.* Sergeant Delgado insisted that the officers needed to search the house and told Brockman to lead them downstairs. *Id.* ¶ 34. They searched Brockman's office, bedroom, closet, mattress, and dresser, and then searched the backyard, a storage shed, and a guest house at the rear of the property occupied by two tenants. *Id.* ¶¶ 35–37.

Brockman complained about the incident at a City Council meeting on May 15, 2018. *Id.* ¶ 38. Only after that meeting, on May 17, did any of the officers document the incident in a police report. *Id.* ¶ 39. The report omits the fact that the officers drew their weapons on Brockman and incorrectly states that Brockman consented to their entry and search of his home. *Id.* A few days later, Lieutenant Michael Bruno tried to convince Brockman to revise the statement he had made at the City Council meeting. *Id.* ¶ 40.

Brockman later pursued a restraining order against the caller who had claimed to hear gunshots at his address. *Id.* ¶ 41. Through that process, Brockman requested the officers' body-worn camera footage from the incident. *Id.* The City Attorney's Office only provided some, but not all, of the BWC footage; additionally, the logs associated with the footage contain evidence that the files had been tampered with. *Id.* ¶ 42.

**B. Procedural Background**

Plaintiff Todd Brockman brings this case against the City of Monterey and its police officers Aaron Delgado, Bryce Morgan, Sabrina Perez, and Mayhar Roohbakhsh. Dkt. No. 1. Brockman brings claims for (1) violation of his Fourth Amendment right to be free from unreasonable search and seizure under 42 U.S.C. § 1983 against the individual officer defendants; (2) violation of his Fourth and Fourteenth Amendment rights under 42 U.S.C. § 1983 against the City of Monterey; (3) violation of his Fourteenth Amendment right to due process for deliberate fabrication of evidence under 42 U.S.C. § 1983 against the individual officer defendants; and (4) conspiracy to violate his civil rights against the individual officer defendants. *Id.*

Defendants move to dismiss Brockman's second, third, and fourth claims but do not challenge his first claim. Dkt. No. 9. Brockman concedes that his second claim, based on *Monell* liability against the City of Monterey, should be dismissed at this stage but requests that it be without prejudice. Dkt. No. 18 at 4. The Court therefore dismisses that claim and grants Brockman leave to amend it.

All parties consented to the jurisdiction of a magistrate judge under 28 U.S.C. § 636(c). *See* Dkt. Nos. 6, 11.

3

## II. Legal Standard

A motion to dismiss for failure to state a claim under Rule 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). On a motion to dismiss, all allegations of material fact are taken as true and construed in the light most favorable to the non-movant. *Cahill*, 80 F.3d at 337–38. The Court, however, need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.,* 536 F.3d 1049, 1055 (9th Cir. 2008). A complaint need not give detailed factual allegations but must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If a court grants a motion to dismiss, the plaintiff should be given leave to amend unless the pleading could not possibly be cured by the allegation of other facts. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

## III. Discussion

As mentioned previously, defendants do not move to dismiss Brockman's first claim for deprivation of his Fourth Amendment right to be free from unreasonable search and seizure. Additionally, Brockman has agreed to dismiss his second claim, for deprivation of his Fourth and Fourteenth Amendment rights under 42 U.S.C. § 1983 against the City of Monterey under a *Monell* theory of liability. The remaining claims are Brockman's third claim for deprivatoin of his Fourteenth Amendment right to due process, fashioned in the complaint as for "deliberate fabrication of evidence," and his fourth claim for conspiracy to violate his civil rights, both against the individual officer defendants only.

### A. Brockman's Third Claim: Fourteenth Amendment Due Process

In the complaint, Brockman titles his Fourteenth Amendment claim "Deliberate Fabrication of Evidence." Compl. at 14. He references the following alleged facts: the

defendants' fabrication of the BWC logs; the officers' omission of witness statements; and the misrepresentation of whether Brockman had consented to the search of his home. *Id.* ¶ 72. Brockman alleges that because of this evidence fabrication, he "was provided with incomplete evidence and evidence that had been tampered with in response to his subpoena duces tecum in the restraining order case he was pursuing in Monterey County Superior Court." *Id.* ¶ 74. The complaint then references an earlier damages section as to the harm caused by the evidence fabrication. *Id.* ¶ 75. Those damages include Brockman's severe emotional and mental distress exhibited by nightmares, flashbacks, anxiety, depression, PTSD diagnosis and subsequent treatment, and lost past and future wages resulting from the PTSD. *Id.* ¶¶ 50–52.

For the first time, in his opposition to the defendants' motion to dismiss, Brockman describes this claim as: "interference with meaningful access to the courts." Dkt. No. 18 at 7. He argues that "Defendants' tampering with the evidence and submitting it to the superior court in response to valid legal process interfered with [his] ability to litigate his restraining order case and rendered his state court remedy ineffective." *Id.* This appears to the Court to be a different claim from the one described in the complaint.

The complaint contains very little information about the restraining order case— such as what relief Brockman sought, or what resulted—and, most importantly, leaves out any connection between the alleged evidence tampering and the presumably bad result that Brockman obtained. If Brockman wishes to bring a claim for interference with his meaningful access to the courts, then he must allege more facts to explain how his court access was interrupted by the defendants in this case. He must also allege what harm resulted form that interference, as his current damages pleading does not address his restraining order case at all.

Before the Court can meaningfully assess the motion to dismiss the claim for violation of Brockman's due process rights, he must further clarify the substance of that claim. The opposition to the motion to dismiss is not the appropriate avenue for bringing new claims or modifying existing ones. *See Pirani v. Slack Techs., Inc.*, 2020 WL

5

1929241, at *4 (N.D. Cal. April 21, 2020) (citing *Lee v. City of Los Angeles*, 250 F.3d 668, 688–89 (9th Cir. 2001) (stating that "[a]s a general rule, courts may not consider beyond the pleadings when ruling on as 12(b)(6) motion."). Instead, Brockman should amend his complaint. As such, the motion to dismiss the third claim is GRANTED; the claim is DISMISSED; and Brockman is granted LEAVE TO AMEND.

### B. Brockman's Fourth Claim: Conspiracy

Brockman's fourth claim is for conspiracy to violate his civil rights. In order to plausibly state this claim, Brockman must first plausibly allege that his civil rights were violated. The conspiracy claim is predicated on the underlying civil rights claim. *Thornton v. City of St. Helens*, 425 F.3d 1158, 1168 (9th Cir. 2005). Brockman has dismissed his second claim for violation of his civil rights under a *Monell* theory; the Court has dismissed Brockman's third claim for violation of his Fourteenth Amendment right to due process. The only remaining viable civil rights claim that could form the basis of Brockman's conspiracy claim is his first claim, not challenged by the defendants in their motion, for violation of his Fourth Amendment right to be free from unreasonable search and seizure.

However, the language of the complaint indicates that Brockman does not intend to frame his conspiracy claim in this way. Instead, the complaint's description of his conspiracy claim refers to the officers' fabrication of documentation, concealment of witness testimony, omission of witness statements, and destruction and alteration of BWC footage. *See* Compl. at 16. These allegations suggest to the Court that Brockman is predicating his conspiracy claim on his due process claim, not his search and seizure claim. The opposition to the motion to dismiss corroborates this: Brockman argues there that defendants "omitted material witness statements from their reports, materially altered BWC footage, altered and fabricated BWC audit logs, and produced this altered evidence to the Superior Court of California." Dkt. No. 18 at 8.

Assuming that Brockman's conspiracy claim is based on the officers acting in concert to deprive him of his right to due process, the claim cannot survive because the due

6

process claim has been dismissed in this Order. If Brockman wishes to bring a conspiracy claim on other grounds—such as predicated on the allegedly unreasonable search and seizure—he may clarify that in an amended complaint. Accordingly, the motion to dismiss the fourth claim is GRANTED; the claim is DISMISSED; and Brockman is granted LEAVE TO AMEND.

### IV.  Conclusion

Brockman's second claim against the City of Monterey for *Monell* liability is hereby DISMISSED based on his concession in the briefing on this motion. Brockman's third claim for deprivation of due process is hereby DISMISSED for failure to allege sufficient facts to state a plausible claim. Brockman's fourth claim for conspiracy is also DISMISSED insofar as it appears to be based on his due process claim.

Brockman is hereby granted LEAVE TO AMEND these claims. He may not add any new claims or parties without further leave of Court. The amended complaint is due by **September 18, 2020.** The defendants need not answer the surviving first claim for unreasonable search and seizure until the amended complaint is filed, or until Brockman indicates that he does not intend to file an amended complaint. If Brockman files no claims against it in the amended complaint, the City of Monterey will be dismissed from the case.

**IT IS SO ORDERED.**

Dated: August 19, 2020

_____
NATHANAEL M. COUSINS
United States Magistrate Judge